UNITED STATES DISTRICT COURT         SOUTHERN DISTRICT OF TEXAS

United States of America, §
§
    Plaintiff, §
§
versus §                      Criminal H-05-366
§     (Ancillary Civil Action H-08-3072)
Linda Morgan, §
§
    Defendant. §

## Opinion on Denial

1. **Background.**

    In February of 2006, a jury convicted Linda Morgan of twelve counts of health care fraud and one count of conspiracy. A few months later, this court sentenced her to serve fifteen years and ordered her to restore almost $8 million to the government.

    She appealed, and in late 2007, the court of appeals affirmed her conviction and sentence. Morgan then moved to vacate by using a form that lacked data. She did not supply a supporting memorandum with her motion. On the day that she filed her motion, she asked for more time to submit the memorandum, explaining that she did not have money to pay for court documents in support of her motion. This court denied her more time and her motion to vacate.

2. **Certificate.**

    In March of this year, Morgan moved for this court to certify an appeal, raising the same ground as (a) in her direct appeal, that the prosecutor's use of Victor Davies's grand-jury testimony was misconduct and that her sentence was not legal; and (b) in her motion to vacate, that her trial attorney, Richard Banks, was not effective.

    The court of appeals has already addressed the use of Davies's testimony and the legality of her sentence in a fourteen-page opinion. Morgan's complaint about her counsel will be examined even though it should have been raised when she represented herself in the direct appeal.

3. **Counsel.**

To prevail on her claim against her counsel, Richard Banks, Morgan must show that he was significantly deficient and that deficiency caused an omission that harmed her defense. **Strickland v. Washington**, 466 U.S. 668 (1984).

Morgan says that Banks was deficient because he did not hire a handwriting expert to establish that her signature on some documents had been forged. Even if Banks had hired an expert, that opinion could have not helped her defense because she had already testified that she signed the majority of the documents. Banks had no reasonable basis to retain a handwriting expert.

Morgan also says that Banks was deficient because he did not move to dismiss five counts of the indictment when five of the twelve patient-beneficiaries did not testify at trial. Those five patients were either dead or incompetent. Instead of offering their live testimonies, the prosecutor presented it through an agent. Even if Banks did not seek to exclude that testimony based on Morgan's inability to confront the patient-beneficiaries, his omission did not harm her.

Banks determined that an evidentiary objection would be futile because the other seven patient-beneficiaries testified that they had never met Morgan and they did not need a prescription for a wheelchair. More important, a witness named Yellowe Prince, who paid Morgan for the prescriptions, had already testified that Morgan's signature was on the paperwork for all twelve counts representing all twelve patient-beneficiaries. Because Morgan had the opportunity to confront Prince at trial, Banks did not harm her defense. **Crawford v. Washington**, 541 U.S. 36 (2004)(confrontation clause).

Morgan says that Banks was deficient because he did not object to only having one juror who was black. Banks did not need to object because the process of justice is color blind; a jury of all blacks or a jury with no blacks would not have materially changed the outcome of her trial. Morgan has no facts to suggest that blacks were intentionally excluded because of their race or that the evidence of guilt would not have persuaded the most race-conscious juror.

4. **Conclusion.**

The district record evinces performance by the court, prosecutor, and defense counsel that far exceeded the constitutional minimum at each stage for Morgan. Because there was

nothing legally justifiable, factually supportable, or even plausible in Linda Morgan's motion for a certificate of appealability, it will be denied.

Signed on June 30, 2009, at Houston, Texas.

Lynn N. Hughes USDJ
United States District Judge